The Honorable Tom Cooper, Prosecuting Attorney 9th Judicial District West Little River County Courthouse P.O. Box 214 Ashdown, Arkansas 71822
Dear Mr. Cooper:
This official Attorney General opinion is rendered in response to a question you have raised concerning the enforcement of attendance in home schools. More specifically, you have asked:
 May the penalty provisions of A.C.A. § 6-18-222 (related to excessive unexcused absences) be enforced against persons failing to comply with the requirements of A.C.A. § 6-15-501 et seq. (The "Home School" Act.)?
It is my opinion that the penalty provisions of A.C.A. § 6-18-222
(related to excessive unexcused absences) may not be enforced against persons for failing to comply with the requirements of The "Home School" Act (A.C.A. § 6-15-501 et seq.).
The provisions of A.C.A. §§ 6-18-222(a)(5) and (b)(3) establish penalties for failure to comply with the attendance policy that is required under A.C.A. § 6-18-222(a) and under A.C.A. § 6-18-209. Those two statutes (i.e., A.C.A. § 6-18-222(a) and A.C.A. § 6-18-209) require "school districts" and the State Board of Vocational Education to establish attendance policies for their students. This requirement does not apply to home schools; home schools are not required by A.C.A. §§ 6-18-222(a) and -209 to establish attendance policies. Accordingly, the penalty provisions of A.C.A. §§ 6-18-222(a)(5) and (b)(3) do not apply to home schools and cannot be used to enforce compliance with the Home School Act.
The Home School Act (A.C.A. § 6-15-501 et seq.) does not contain any requirements concerning attendance, or any penalty provisions for violation of its other provisions. Moreover, the Rules and Regulations for Home Schools that have been promulgated by the Arkansas Department of Education do not address the issue of attendance.[1]
I must therefore conclude that the unexcused absence penalty provisions of A.C.A. § 6-18-222 may not be enforced against persons for failing to comply with the requirements of The "Home School" Act.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] Although state law does not specifically address the situation in which a home-schooling family fails to comply with the requirements of the Home School Act, it is my opinion that enforcement could be pursued, if warranted by the facts, through the provisions of law dealing with families in need of services or through those dealing with dependent-neglected children. See A.C.A. § 9-27-310. These mechanisms allow the prosecutor (and other persons) to obtain juvenile court orders determining the juvenile's family to be a "family in need of services" or determining the juvenile to be "dependent-neglected." An order making either of these determinations would give rise to remedies that could correct a failure by the parent or guardian to provide home schooling as required by law. This avenue of enforcement would be available via the provisions of A.C.A. § 6-18-201.